IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTIAN WILLIS,

    Petitioner,               No. CIV S-02-1680 LKK JFM P

    vs.

J. WOODFORD,

    Respondent.           FINDINGS AND RECOMMENDATIONS

                           /

        Petitioner is a state prisoner proceeding in propria persona with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims he was denied due process and equal protection by the California Supreme Court and claims he was unconstitutionally re-sentenced.

PROCEDURAL HISTORY

        1. Petitioner was convicted on December 3, 1993 of multiple charges: robbery, with personal use of a handgun; murder, committed in the course of a robbery; robbery, while arming a principal with a firearm; evading a police officer; and possession of a firearm by an ex-felon. Petitioner was sentenced to an aggregate determinate sentence, plus a consecutive indeterminate term of life without possibility of parole. (Answer, Ex. A.)

1

2. Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District; the Court of Appeal modified petitioner's first degree murder conviction to second degree murder and reduced his consecutive indeterminate term to fifteen years to life. (Answer, Ex. D.)

3. Petitioner filed a petition for review in the California Supreme Court. (Answer, Ex. E.) The petition was denied on July 31, 1996. (Answer, Ex. F.)

4. On October 25, 1996, petitioner filed a petition for writ of habeas corpus in this court. (CIV S-96-1875 DFL DAD P ).[1] This court denied the petition on May 6, 1999.

5. Petitioner filed a petition for writ of habeas corpus with the San Joaquin County Superior Court on February 5, 2001 (Case No. SC054778A). (Answer, Ex. G.) That petition was denied on March 7, 2001. (Answer, Ex. H.)

6. On March 13, 2001, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Third Appellate District. (Answer, Ex. I.) That petition was denied on March 29, 2001. (Answer, Ex. J.)

7. On April 27, 2001, petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Answer, Ex. K.) That petition was denied en banc on June 19, 2002. (Answer, Ex. M.)

8. Respondent concedes petitioner has exhausted his stated grounds for relief.

9. On August 8, 2002, petitioner filed the instant action. Respondent filed an answer on August 29, 2003 and petitioner filed a traverse on October 20, 2003.[2]

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The trial court proceedings were transcribed and were lodged with the court in conjunction with petitioner's prior case, 96-1875 DFL JFM P. Neither the underlying facts of petitioner's conviction nor the trial are at issue herein. Accordingly, no statement of facts is set forth herein and respondent is relieved of its obligation to lodge trial transcripts in this action. Respondent has appended pertinent documents to the answer, to which the court will refer by exhibit number.

ANALYSIS

I. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. <u>Early v. Packer</u>, 537 U.S. 3, 7 (2002) (<u>citing</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. <u>Williams</u>, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court

reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

II. Petitioner's Claims

    A. Due Process and Equal Protection

Petitioner claims he was "denied due process and equal protection" (petition at 6a) by the California Supreme Court's alleged failure to expressly rule on respondent's "request from default." (Petition at 6a.) Petitioner states the court granted the extension of time for filing the request for default. (Petition, Ex. C.) Petitioner notes a second request for extension of time was also granted. (Petition at 6a.) Respondent filed the request for relief from default and informal response on January 10, 2002. (Petition, Ex. D.) After receiving an extension, petitioner filed his reply to the response and an objection to respondent's request for relief from default on February 19, 2002. (Petition, Ex. E.) Petitioner contends the California Supreme Court denied his petition on June 19, 2002 without resolving the issue of default.

Petitioner fails to state a cognizable claim and has not demonstrated how he was prejudiced by the California Supreme Court's failure to specifically address respondent's motion for relief from default. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'"). This claim should also be denied on the merits. Petitioner acknowledges that he was allowed to respond to the motion, which means petitioner had notice of the filing of the motion as well as a chance to be heard on the merits. No more process was due.

    B. Re-Sentencing

Petitioner claims he was unconstitutionally re-sentenced by the state court without his personal presence at a hearing and that his sentence was increased, in violation of his due

/////

1  process rights, from Judge Fransen's November 5, 1996 re-sentence of 10 years and 8 months on

2  the determinate sentence portion, to 16 years and 8 months by Judge Platt in 1998.

3        Both the California Supreme Court and the California Court of Appeal, Third

4  Appellate District denied this claim without citation. (Answer, Exs. J, M.) The last reasoned

5  opinion was issued by the San Joaquin County Superior Court. (Answer, Ex. H.) That court

6  stated:

> Petitioner contends that he was "re-sentenced" in violation of his constitutional rights in that the judge who "re-sentenced" him was not the trial judge and he was not given the opportunity to be present at the time of the claimed resentencing. He is incorrect on both counts.
>
> First, the alleged resentencing consisted of nothing more than the modification of the abstract of judgment at the request of the Department of Corrections. This modification merely corrected technical errors and did not amount to a resentencing. (See, e.g., People v. Contreras (1981) 127 Cal.App.3d 248, 254, 176 Cal.Rptr. 589; and People v. Mena, (1988) 206 Cal.App.3d 420, 429, 254 Cal.Rptr.10.)
>
> Second, by the time the amendment was requested by the Department, the trial judge had retired. There is no error in allowing a different judge to amend the abstract in this circumstance. (Penal Code § 1053; People v. Downer (1962) 57 Cal.2d 800, 816, 372 P.2d 107, 22 Cal.Rptr. 347.)

17  (March 7, 2001 Opinion attached to Answer, Ex. H.)

18        In essence, petitioner is challenging the state court's interpretation of state law

19  with regard to modification of a document containing a clerical error.[3] Such a claim is not

20  cognizable in this federal habeas corpus proceeding. See Estelle v. McGuire, 502 U.S. 62, 67-68

21  (1991) (holding that a federal writ is not available for alleged error in the interpretation or

---

[3] Under California law, "[a]n abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize." People v. Mitchell, 26 Cal.4th 181, 109 Cal.Rptr.2d 303, 26 P.3d 1040, 1042 (Cal.2001). Preparation of the abstract of criminal judgment in California is a clerical, not a judicial function. People v. Rodriguez, 152 Cal.App.3d 289, 299, 199 Cal.Rptr. 433 (Cal.Ct.App.1984). Indeed, in California, "[a]ppellate courts routinely grant requests on appeal of the Attorney General to correct errors in the abstract of judgment." People v. Hong, 64 Cal.App.4th 1071, 1075, 76 Cal.Rptr.2d 23 (Cal.Ct.App.1998).

application of state law); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000) (same). Even assuming arguendo that this claim raises a federal question, it should be denied. Petitioner is not being held beyond the sentence imposed by the sentencing judge in open court in petitioner's presence.[4]

The record reflects the intent of the sentencing judge with regard to the aggregate determinate sentence. Although earlier abstracts of judgment contained erroneous determinate sentence figures, it is the pronouncement at sentencing that controls rather than the abstract of judgment. There is no evidence to support petitioner's claim that the sentencing judge intended to modify petitioner's determinate sentence to 10 years and 8 months.

In any event, the state court's modifications of the abstract of judgment to clarify the intent of the sentencing judge did not violate petitioner's Eighth Amendment rights. The Superior Court's rejection of this claim is not based on an unreasonable determination of the facts in this case and is not contrary to or an unreasonable determination of federal law. Accordingly, it should not be set aside.

For the foregoing reason, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

---

[4] On November 1, 1993, the trial court sentenced petitioner as follows: "to state prison for the upper term of five years on count 1, plus two consecutive five-year enhancements pursuant to sections 12022.5, subdivision (a), and 667, subdivision (a); to a consecutive one-third mid-term of one year, four months for robbery on count 4, and its enhancement pursuant to section 12022, subdivision (a)(1); to a consecutive one-third mid-term of eight months on count 6; to a concurrent mid-term of three years on count 3; and, to a concurrent mid-term of two years on count 7. [Citations to record omitted.]" (January 15, 2002 Informal Response, Answer, Ex. L at 2.)

shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2006.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

001; will1680.157